IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY E. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-726 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

CONTI, District Judge

### Introduction

This is an appeal from the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying the claim of Larry E. Miller ("plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 423, *et seq.,* and Supplemental Social Security ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1381, *et seq.* Plaintiff contends that the decision of the administrative law judge (the "ALJ") that he is not disabled, and therefore not entitled to benefits, should be reversed because the decision is not supported by substantial evidence and that the case should be remanded for the ALJ to consider properly all the evidence as presented. Defendant asserts that the decision of the ALJ is supported by substantial evidence. The parties filed cross-motions for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. The court will deny defendant's motion and grant plaintiff's motion seeking remand of the case to the Commissioner. Plaintiff's motion is granted because the ALJ failed to provide reasons why substantial weight was not

given to the determination of disability by another governmental agency and the complete transcript of the May 6, 2003 hearing before the ALJ is not included in the Record ("R.").[1]

### *Procedural History*

On April 17 2001, plaintiff filed an application for DIB. (R. at 92-94.) He requested a hearing before an administrative law judge (R. at 82), which was held on February 5, 2002. (R. 27-66.) The administrative law judge found him not be disabled. (R. at 286-94.) That decision became final when the Appeals Council denied plaintiff's request for review and plaintiff did not seek judicial review. (R. at 197-98.) On July 31, 2002 plaintiff reapplied for benefits alleging disability since February 23, 2002 by reasons of degenerative arthritis in both hips, limited range of motion in right wrist, limited range of motion in shoulders and stomach ulcers. (R. at 328.) He was denied at the initial level (R. at 305-08, 413-16) and then filed a request for a hearing. (R. at 309.) On May 6, 2003 a hearing was held before the ALJ. (R. at 67-71.)

Plaintiff appeared at the hearing and testified. (R. at 71.) Plaintiff was represented by an attorney at the hearing (R. at 169.) In a decision dated May 30, 2003, the ALJ determined that plaintiff was not disabled and, therefore, not entitled to benefits. (R. at 12-18.) Plaintiff timely requested a review of that determination (R. at 8) and by letter dated March 24, 2004 the Appeals Council denied the request for review. (R. at 12-18.) Plaintiff subsequently commenced the present action seeking judicial review.

---

[1]The transcript of the May 6, 2003 hearing included in the Record consists of only five pages (R. at 67-71) and is obviously not the complete record because the ALJ in his decision refers to findings not included in those pages. (R. at 15).

*Legal Standard*

The Congress of the United States provides for judicial review of the Commissioner's denial of a claimant's benefits. 42 U.S.C. § 405(g). This court must determine whether or not there is substantial evidence which supports the findings of the Commissioner. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Ventura v. Shalala, 55 F. 3d 900, 901 (3d Cir. 1995)(quoting Richardson v. Perales, 402 U.S. 389 (1971)). This deferential standard has been referred to as "less than a preponderance of evidence but more than a scintilla." Burns v. Burnhart, 312 F. 3d 113, 118 (3d Cir. 2003). This standard, however, does not permit the court to substitute its own conclusions for that of the fact-finder. Id.; Fargnoli v. Massonari, 247 F.3d 34, 38 (3d Cir. 2001)(reviewing whether the administrative law judge's findings "are supported by substantial evidence" regardless of whether the court would have differently decided the factual inquiry).

*Plaintiff's Background and Medical Evidence*

Plaintiff was 53 years old at the time of the hearing before the ALJ. (R. at 71.) He is single, although living with his fiancee. (Id.) He does not have any children. (Id.) He received an associate degree from Westmoreland County Community College in draft design technology. (Id.) He has past work experience as a night watchman from June 1987 to April 1989, as a draftsman from April 1989 until April 1992, as a heat treater from April 1993 until February 1995, as a night watchman from March 1995 until November 1995, and as a receiver in a supermarket from April 1996 until January 2001. (R. at 114-15.) He lives in an apartment. (R. at 122.) On his application, plaintiff reflected that he was taking Cataflan 50mg which may

cause drowsiness. (R. at 126.) He started using Cataflan in approximately 2001. (R. at 128.) The medication is taken for pain. (R. at 128.) He reports using a cane as an assisted device to walk. (R. at 129.)

Plaintiff is a Vietnam Era veteran having served in the Army from August 29, 1969 until August 28, 1972. (R. at 405.) Plaintiff filed a disability claim with the Department of Veterans Affairs (the "VA") on November 25, 2002. (Id.) The decision of the VA was: "Entitlement to a nonservice connected permanent and total evaluation is granted." The VA relied upon plaintiff's medical records from Bruce Hershock, M.D., in making the determination of disability. (Id.) The reasons given for the VA's decision included: "The evidence shows you to be disabled due to the following disability(ies): bilateral hip replacements and bilateral shoulder conditions." (R. at 406.)

### *Discussion*

Under Title XVI of the SSA, a disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c (a)(3)(A). Similarly, a person is unable to engage in substantial gainful activity when "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c (a)(3)(B).

In order to make a disability determination under the SSA, a five-step sequential evaluation must be applied. 20 C.F.R. § 416.920. The evaluation consists of the following stages: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the claimant's severe impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920; Sykes v. Apfel, 228 F.3d 259, 262-63 (3d. Cir. 2000). If the plaintiff fails to meet the burden of proving the requirements in the first four steps, the ALJ may find that the plaintiff is not disabled. Burns v. Burnhart, 312 F.3d at 119. The Commissioner is charged with the burden of proof with respect to the fifth step in the evaluation process. Id.

In the instant case, the ALJ found: (1) plaintiff has not engaged in substantial gainful activity since the alleged onset of disability on February 23, 2002; (2) plaintiff suffers from degenerative joint disease of both hips, residuals of bilateral total hip arthroplasty and degenerative joint disease of both shoulders, which are severe; (3) these impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) plaintiff cannot return to any past relevant work; and (5) there were jobs in the national economy that plaintiff could perform. (Tr. at 17-18).

Plaintiff argues that the ALJ made four errors which warrant remand. Plaintiff argues the ALJ erred in: 1) finding plaintiff's right wrist condition not to be severe; 2) concluding that

5

plaintiff had the residual functional capacity for light work; 3) failing to consider all the evidence of record; and 4) finding plaintiff's complaints of pain not to be credible. Defendant argues that the ALJ did not commit error and that the ALJ's decision should be affirmed because it is supported by substantial evidence.

There are two reasons why this case must be remanded. First, because the complete transcript of the hearing before the ALJ is not a matter of record, the court cannot properly review the evidence which was before the ALJ. The case must be remanded for a complete record to be prepared and included in a record for appropriate review.

Second, the court, even if the transcript of record were complete, would still reverse and remand the decision of the ALJ by reason of the ALJ's failure to consider and explain why substantial weight was not given to the determination of disability by the VA. The ALJ noted that the VA had made a disability determination, but found that decision was not binding on the ALJ. The ALJ stated:

> The Department of Veterans Affairs granted a non-service connected pension for the claimant on January 8, 2003, based on Dr. Bruce Hershock's records covering the period May 8, 2001 through January 2, 2002, due to bilateral hip replacements and bilateral shoulder conditions resulting in a combined evaluation of 70% disability. (Exhibit B-7F). However, Social Security Regulation No. 4, section 404.1504 provides that a decision by any non-governmental agency that an individual is disabled is based on its own criteria. The Social Security Administration must make a determination of disability based upon Social Security Law. Accordingly, a determination by another agency that a claimant is disabled is not binding on this administration.

(R. at 15.) While the ALJ is correct that the determination by another agency such as the VA is not binding on the ALJ, the determination of another agency is nonetheless entitled to substantial weight.

In <u>Kane v. Heckler</u>, 776 F.2d 1130 (3d Cir. 1985), the United States Court of Appeals for the Third Circuit considered an appeal from a denial of disability benefits under the SSA. The court remanded the case because the administrative law judge did not apply flexibility with respect to the guidelines. Flexibility needed to be considered because the age of the plaintiff in that case bordered between two categories. The plaintiff also raised an issue with respect tot he administrative law judge's consideration of a finding of disability by the VA. The court noted that the plaintiff argued: "That the ALJ should have considered the importance of a Veterans Administration determination that he is disabled." (<u>Id.</u> at 1135.) The court of appeals acknowledged that: "[s]uch a determination by another government agency is entitled to substantial weight. <u>Lewis v. Califano</u>, 616 F.2d 73, 76 (3d Cir. 1980). This proposition, too, should be addressed on remand." <u>Id.</u>

In <u>Lewis</u>, the court of appeals reviewed a finding of disability to determine whether it was supported by substantial evidence. The plaintiff in that case offered the report of a doctor hired by the county board of assistance to determine disability with respect to welfare benefits. That doctor "[f]ound that plaintiff 'cannot work.'" 616 F.2d at 76. The court noted that the doctor "made the finding for another government agency, and his finding is entitled to substantial weight. Clearly, from this evidence, claimant has carried her initial burden to prove disability." <u>Id.</u> The court of appeals also noted that the ALJ did not provide an explanation about why that doctor's finding, among other things, was rejected. <u>Id.</u> The court of appeals determined on the record that the plaintiff in <u>Lewis</u> was disabled. The case, however, was remanded because an issue was raised, but had not been considered by the administrative law judge, with respect to the plaintiff's refusing treatment due to the plaintiff's religious objections to surgery.

In Fowler v. Califano, 596 F.2d 600 (3d Cir. 1979), the court recognized that the evaluation of disability by the VA was entitled to weight and must be considered by the administrative law judge. The court noted:

> We find it particularly puzzling that the ALJ ignored the findings on disability reached by the state agency to which the Secretary had referred the matter. That expert body made a determination of disability on less evidence that was submitted to the ALJ. Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered. We said in an early case that the evaluation of disability by the Veterans Administration was critically relevant and material in a parallel Social Security case. Pulaski v. Finch, 415 F.2d 613, 618 (3d Cir. 1969). . . . and in a case quite similar to the one at bar, Dunbar v. Califano, 454 F.Supp 1261 (W.D.N.Y. 1978), the court expressed disapproval over an ALJ's failure to consider the disability finding of a state agency consulted by the Secretary.

Id. at 603.

In this case, from the statements of the ALJ it appears that the ALJ did not afford any weight to the determination of disability by the VA. The ALJ summarily discussed the VA's determination. The ALJ at a minimum must explain why that evidence was rejected and why no weight was given to that evidence. See Cotter v. Harris, 642 F.2d 700, 706 (3d Cir 1981) ("there is a particularly acute need for some explanation by the ALJ when s/he has rejected relevant evidence").

Because there is not a complete record of the testimony of the hearing before the ALJ and because the ALJ did not explain why no weight was given to the determination of disability by the VA, this matter shall be remanded to the ALJ. On remand the ALJ may take additional evidence if deemed appropriate.

*Conclusion*

Based upon the evidence of record, the parties' arguments and supporting documents filed in support and opposition thereto, this court concludes that the record before the court is not complete and the ALJ failed to explain why substantial weight was not given to the determination of disability by the VA. The decision of the ALJ denying plaintiff's application for DIB and SSI is remanded for further proceedings consistent with this opinion.

Therefore, plaintiff's motion for summary judgment (Docket No. 9) is **GRANTED**, and defendant's motion for summary judgment (Docket No. 11) is **DENIED**.

**IT IS ORDERED AND ADJUDGED** that this case shall be remanded to the Commissioner for further proceedings consistent with this opinion.

The clerk shall mark this case as closed.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated: September 30, 2005

cc: counsel of record

*Conclusion*

Based upon the evidence of record, the parties' arguments and supporting documents filed in support and opposition thereto, this court concludes that the record before the court is not complete and the ALJ failed to explain why substantial weight was not given to the determination of disability by the VA. The decision of the ALJ denying plaintiff's application for DIB and SSI is remanded for further proceedings consistent with this opinion.

Therefore, plaintiff's motion for summary judgment (Docket No. 9) is **GRANTED**, and defendant's motion for summary judgment (Docket No. 11) is **DENIED**.

**IT IS ORDERED AND ADJUDGED** that this case shall be remanded to the Commissioner for further proceedings consistent with this opinion.

The clerk shall mark this case as closed.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated: September 30, 2005

cc: counsel of record